The National Union Bank of Dover, complainant-respondent,

*v.*

Martin C. Havens et al., defendants-appellants.

[Submitted February 13th, 1931. Decided October 19th, 1931.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"Being in financial difficulties, Martin C. Havens and John M. Havens transferred their property, real and personal, to Havensdale Farms, Incorporated, a corporation formed by them for the purpose of taking title to their property, in which corporation they owned or controlled the entire stock issued. No consideration passed for the transfer and it seems to have been their hope that by transferring their

property to a corporation they could in some way work out of their financial difficulties, but this hope failed to materialize and they then agreed to turn over the property which had been conveyed to the corporation, including all the stock of Havensdale Farms, Incorporated, to the complainant as trustee for the benefit of their creditors; and when certain of the creditors signed a written agreement appointing the complainant trustee, I have no doubt that the parties thereto believed that all creditors whose claims amounted to less than $100 would join in the proposed administration of the debtors' estate for the benefit of all creditors. The agreement provides, in effect, for the sale of the property by the trustee and a *pro rata* distribution to the creditors; that Decker and Simmons, Frank T. Snook and the Sussex and Merchants National Bank, creditors holding judgments against the debtors, would release from the lien of their judgments, the property as and when sold by the trustee and that the complainant (as a creditor) and the Dover Trust Company would deliver to the trustee certain notes held by them as collateral, which notes the trustee should use as assets of the debtors in liquidation of their debts. Among the signers of the agreement are Decker and. Simmons, Frank T. Snook, Sussex & Merchants National Bank, the complainant (as a creditor) and Dover Trust Company. While all creditors with claims over $100 did not sign the trust agreement, no creditor has endeavored to enforce his claim against the debtors' assets or to seek any preference, except Benjamin D. Simmons, trading as Decker & Simmons; all other creditors seem to have acquiesced in the assignment to the complainant as trustee and to the proceedings in this suit.

"The complainant endeavored to perform its duty as trustee by collecting some of the assets and it and the Dover Trust Company surrendered for the benefit of all creditors, notes which they held as collateral for their debts, and the judgment creditors, Frank T. Snook and Sussex & Merchants National Bank, refrained from attempting to collect under their judgments and expressed and still express their willingness to share in the assets *pro rata* with the other creditors.

The trustee further attempted to make sale of some of the real estate and other assets but was met by the assertion of a lien thereon by Simmons by virtue of levy under his judgment, which he declined to release. Being unable to adjust the Simmons claim and being unable to further perform its duties as trustee, because of possible claims by creditors who had not signed the agreement, the complainant filed its bill of complaint in this cause, naming Martin C. Havens, John M. Havens, Havensdale Farms, Incorporated, and Benjamin D. Simmons as defendants and the prayers of the bill are that the debtors' assets be ordered sold; that Simmons be decreed not to have a preferred lien under his judgment; that a receiver be appointed to take over all the debtors' assets; that the complainant be discharged from further duties as trustee, except to account and turn over the property in its possession to a receiver; that all creditors be directed to show cause why the receiver should not sell the property; that all creditors file their claims with the receiver within a time limited, or be barred from participating in the distribution of the assets and that such other relief be granted as may be necessary to wind up the trust and make distribution of the assets. A decree *pro confesso* was entered against all defendants, except Simmons, who answered asserting a prior claim on the debtors' assets under his judgment and levy.

"Upon the bill being filed an order was entered directing all defendants named in the bill to show cause why a receiver should not be appointed to take over the debtors' assets for the benefit of all creditors and after hearing upon the return of said order, at which Simmons was represented by counsel, an order was entered December 31st, 1929, appointing a receiver of all the assets of Martin C. Havens, John M. Havens and Havensdale Farms, Incorporated, theretofore assigned to the complainant, to be administered under the direction of this court, and directing the complainant to deliver to the receiver all assets received by it and to account to the receiver for its administration of the assets which came to its hands. The defendant Simmons seems to have objected to the entry of this order, but he took no appeal

therefrom and the order still stands. January 24th, 1930, an order was made directing all creditors of the defendant debtors to file claims with the receiver within a time limited and on March 31st, 1927, the receiver filed a report showing the assets which had come to his hands, the incumbrances thereon by way of mortgages (real and chattel) and a list of creditors who have filed claims with him, which list I understand includes all creditors of the defendant debtors.

"All creditors except Simmons have acquiesced in the appointment of the receiver and the administration by him of the debtors' assets, and the complainant has accounted to the receiver for the assets which came to his hands and has turned over such assets to the receiver. The question presented is: Shall the receiver be permitted to administer the assets for the benefit of all creditors and shall he be permitted to sell the same free from the lien of the Simmons and other judgments? The other judgment creditors consent to such administration and sale and I think that Simmons should also be compelled to consent under a decree herein. The defendant Simmons objects because he contends that he signed the trust agreement on the understanding that all creditors would join therein and that his agreement to release the debtors' property from the lien of his judgment and to share in the distribution of the assets *pro rata,* was predicated upon all creditors executing the agreement. The agreement does not so provide and none of the creditors who did not sign the agreement hold judgments against the debtors. Moreover, all creditors have agreed to distribution of the assets by the receiver and the effect is the same as though they had executed the trust agreement. Other judgment creditors have waived claim to preference under their judgments and on the strength of the Simmons agreement to release his judgment lien, the complainant as a creditor and the Dover Trust Company have surrendered their collateral to the amount of $16,000 for the benefit of all the creditors and have thus changed their position as secured creditors. It would, therefore, be inequitable to permit Simmons to

have an advantage over other creditors through the enforcement of the judgment which he agreed to release.

"There should be a decree that the defendant Simmons has no lien upon the defendant debtors' assets under his judgment and levy and that the receiver proceed to dispose of all the assets of the defendant debtors as expeditiously as possible, free from the lien of all judgments against the defendant debtors and make distribution among the creditors, including Simmons, *pro rata*. The decree should also provide that all transfers of property, real and personal, made by the defendant debtors to Havensdale Farms, Incorporated, are void and of no effect and that sales made by the receiver shall be free from any claim or interest therein by Havensdale Farms, Incorporated. The decree should further provide that the complainant be discharged from its office as trustee for the benefit of the defendant debtors' creditors and be relieved from liability to such creditors for its administration of the defendant debtors' assets."

*Mr. Theodore E. Dennis,* for the appellants.

*Mr. Samuel C. Meyerson,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed by Vice-Chancellor Fielder.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, HETFIELD, DEAR, WELLS, JJ.   13.

*For reversal*—None.